

Jane Doe
4001 S. Decatur Blvd
Bldg. 37-477
Las Vegas, NV 89103
Telephone: 725-772-5727
Email: Doevhaddish@gmail.com

September 11, 2022

Honorable Stanley Blumenfeld, Jr., U.S.D.J.
U.S. Courthouse
350 West 1st Street
Los Angeles, California 90012

**Re: Jane Doe et al. v. Tiffany Haddish et al., 1:22-cv-06369-SB-JPR**

Dear Judge Blumenfeld:

My name is Jane Doe[1] I am the legal guardian of John Doe, my little brother. I am writing to request that the court sets a briefing schedule for a Motion to Remand. On September 9, 2022, under your Honors individual rules, I sent Defendant Tiffany Haddish ("Haddish") and Defendant Aries Spears ("Spears") a letter (**Exhibit A**) attempting to meet and confer regarding my desire to file a Motion to Remand. Defendants have been nonresponsive to my letter and have instead chosen to reach out to my mother to get her to force my brother and me to settle.

In addition to the September 9, 2022, letter, on September 9, 2022, I sent the Defendants a letter requesting that they waive service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure (**Exhibit B**). Defendants ignored this letter as well. Finally, my brother and I are amenable to Plaintiff Haddish's desire to engage in mediation/settlement talks. On September 11, 2022, I sent Haddish's counsel, Clifton Albright, an email (**Exhibit C**) that laid out basic terms for the parties to engage in mediation/settlement talks. My requests were as follows:

1. We send a joint letter[2] to Judge Blumenfeld. I have no intentions of waiving my right to remand, but I am willing to file a leave of court for us to engage in out-of-court mediation/settlement talks.

---

[1] I am using a pseudonym to protect my identity, as well as the identity of my little brother. We will disclose our identities once your office contacts us.
[2] See attached **Exhibit D**, the letter referenced in this email.

1

2. If my brother and I are to participate in mediation, it will only be with a mediator of our choosing, and your client must pay for all mediation expenses. The mediation must take place in Las Vegas within the next two weeks.

3. If we succeed in agreeing to a settlement, I am willing to put out a joint statement with Haddish where we state that the parties have agreed to a private settlement, and Haddish must publicly apologize for her role in the skits, as well as recant her shakedown statement directed towards our mother, and state that she never intended to harm my brother, mother, and me.

**Motion for Remand**:

On 9/6/2022, Haddish improperly removed this case from state court to the Central District of California. My brother and I believe this removal was improper and done solely to forum shop. In her moving papers, Haddish indicated that there was complete diversity of the parties and damages exceeding $75,000.00. As much as my brother and I appreciate Haddish conceding that she has damaged us more than $75,000.00, we feel it is premature to place a value on this case since there has not been a damages assessment by an expert witness.

Furthermore, this case has no federal claims or causes of action. The allegations raised in this complaint occurred in Los Angeles County, both Defendants lived (and still live) in Los Angeles County at the time of the alleged incidents, and the Plaintiffs lived in Los Angeles County at the time of the incidents. Therefore, Los Angeles County is the appropriate venue for this case.

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). A district court has diverse jurisdiction where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. Id. § 1332(a). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Remand to state court must be ordered when a district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Sami v. Wells Fargo Bank, No. C 12-00108 DMR, 2012 U.S. Dist. LEXIS 38466, at *2-5 (N.D. Cal. March 21, 2012).

As previously stated, there is no federal question in our pleadings. All the causes of action occurred in Los Angeles County. Both defendants reside in Los Angeles County. At the time of

the offense, my brother and I were children and resided in Los Angeles County. Therefore, there is NO justifiable reason for Defendants to remove this matter from state court to federal court. The only plausible explanation for the defendant's implausible decision to remove the case from state court is forum shopping.

      We respectfully request the court set a briefing schedule so I can thoroughly explain why the defendant's removal was improper.

We thank you for your time and attention to this matter.

Kind regards,

*Jane Doe*
JANE DOE,
Individually and on behalf of
JOHN DOE, a minor individual.

CC:
Debra Opri, attorney for Defendant Aries Spears: at dopri@debraopri.com
Clifton W. Albright, attorney for Defendant Tiffany Haddish at Clifton.albright@ayslaw.com

# EXHIBIT # A

Jane Doe
4001 S. Decatur Blvd
Bldg. 37-477
Las Vegas, NV 89103
Telephone: 725-772-5727
Email: Doevhaddish@gmail.com

September 9, 2022

**Sent via email**: Clifton.albright@ayslaw.com
Cliffton W. Albright
Albright Yee and Schmit APC
707 Wilshire Blvd., Ste 3600
Los Angeles, CA 90017

~and~

**Sent via email**: dopri@debraopri.com
Debra Opri
Opri & Associates
8383 Wilshire Blvd. Suite 830
Beverly Hills, CA

**Re: Motion to Remand**

Dear Counsels:

    My name is Jane Doe[1] I am the legal guardian of John Doe, my little brother. I am writing according to Judge Stanley Blumfield, Jr.'s rules which require litigants to meet and confer before filing a motion. On 9/6/2022, Defendant Tiffany Haddish (Haddish) improperly removed this case from state court to the Central District of California. My brother and I believe this removal was improper and done solely for forum shopping.

    In your moving papers, you indicated that there was complete diversity of the parties and damages exceeding $75,000.00. As much as my brother and I appreciate Haddish conceding that she has damaged us more than $75,000.00, we feel it is premature to place a value on this case. We have not secured the damages assessment of an expert witness.

    Furthermore, this case has no federal claims or causes of action. The allegations raised in this complaint occurred in Los Angeles County, both Defendants lived (and still live) in Los Angeles county at the time of the alleged incidents, and the Plaintiffs lived in Los Angeles County at the time of the incidents. Therefore, Los Angeles County is the appropriate venue for this case.

---

[1] I am using a pseudonym to protect my identity, as well as the identity of my little brother. We will disclose our identities once your office contacts us.

1

  Before sending a letter to the court requesting leave to file a motion for remand, I am requesting consent from you to agree to transfer the case back to State Court. Please respond to our request by September 15, 2022.

Kind regards,

*Jane Doe*
_____
JANE DOE,
Individually and on behalf of
JOHN DOE, a minor individual.

2

# EXHIBIT # B

Jane Doe
4001 S. Decatur Blvd
Bldg. 37-477
Las Vegas, NV 89103
Telephone: 725-772-5727
Email: Doevhaddish@gmail.com

September 9, 2022

Cliffton W. Albright
Albright Yee and Schmit APC
707 Wilshire Blvd., Ste 3600
Los Angeles, CA 90017

**Re: Rule 4 Waiver of Service**

Dear Mr. Albright:

My name is Jane Doe[1] I am the legal guardian of John Doe, my little brother. I am writing pursuant to Rule 4 of the federal rules of civil procedure, to ask that your client, Tiffany Haddish, waive service of process.

**Waiving Service. (1)** *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must: **(A)** be in writing and be addressed: **(i)** to the individual defendant; or **(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. USCS Fed Rules Civ Proc R 4, Part 1 of 2.

As you know, your client either directly, or indirectly through counsel acknowledged the existence of this lawsuit through several public statements. If your client refuses to waive service of process, they can only do so for good cause, and if no good cause is shown the court will require them to pay the cost associated with service them the summons and complaint.

**(2)** *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: **(A)** the expenses later incurred in making service; and **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. USCS Fed Rules Civ Proc R 4, Part 1 of 2.

See attached the Rule 4 waiver of service form.

---

[1] I am using a pseudonym to protect my identity, as well as the identity of my little brother. We will disclose our identities once your office contacts us.

1

Kind regards,

*Jane Doe*
_____
JANE DOE,
Individually and on behalf of
JOHN DOE, a minor individual.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Jane Doe
4001 S. Decatur Blvd
Bldg. 37-477
Las Vegas, NV 89103
Telephone: 725-772-5727
Email: Doevhaddish@gmail.com

September 9, 2022

<u>**Sent via email**</u>: dopri@debraopri.com
Debra Opri
Opri & Associates
8383 Wilshire Blvd. Suite 830
Beverly Hills, CA

**Re: Rule 4 Waiver of Service**

Dear Ms. Opri:

  My name is Jane Doe[1] I am the legal guardian of John Doe, my little brother.  I am writing pursuant to Rule 4 of the federal rules of civil procedure, to ask that your client, Aries Spears, waive service of process.

**Waiving Service. (1)** *Requesting a Waiver*. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must: **(A)** be in writing and be addressed: **(i)** to the individual defendant; or **(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. [USCS Fed Rules Civ Proc R 4, Part 1 of 2](#).

As you know, your client either directly, or indirectly through counsel acknowledged the existence of this lawsuit through several public statements.  If your client refuses to waive service of process, they can only do so for good cause, and if no good cause is shown the court will require them to pay the cost associated with service them the summons and complaint.

**(2)** *Failure to Waive*. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: **(A)** the expenses later incurred in making service; and **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. [USCS Fed Rules Civ Proc R 4, Part 1 of 2](#).

See attached the Rule 4 waiver of service form.

---

[1] I am using a pseudonym to protect my identity, as well as the identity of my little brother.  We will disclose our identities once your office contacts us.

Kind regards,

*Jane Doe*
_____
JANE DOE,
Individually and on behalf of
JOHN DOE, a minor individual.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |  |
|---|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | ) ) ) ) ) | Civil Action No. |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# EXHIBIT # C



# FOR SETTLEMENT PURPOSES ONLY
3 messages

---

**Doevhaddish** <doevhaddish@gmail.com>　　　　　　　　　　　　　　　　Sun, Sep 11, 2022 at 11:14 AM
To: clifton.albright@ayslaw.com

　　　　　　　　　　　　　　FOR SETTLEMENT PURPOSES ONLY

Counsel,

My mother called and informed me that your client Tiffany Haddish (Haddish), is interested in engaging in settlement negotiations.  My brother and I are amenable to engaging in settlement talks, only if it is done pursuant to the following:

1. We send the attached joint letter to Judge Blumenfeld.  I have no intentions to waive my right to remand, but I am willing to file a leave of court in order for us to engage in out-of-court mediation/settlement talks.
2. If my bother and I are to participate in mediation it will only be with a mediator of our choosing, and your client must pay for all mediation expenses.  The mediation must take place in Las Vegas within the next two weeks.
3. If we succeed in agreeing to a settlement, I am willing to put out a joint statement with Haddish where we state that the parties have agreed to a private settlement, and Haddish must publicly apologize for her role in the skits, as well as recant her shakedown statement directed towards our mother, and state that she never intended to harm my brother, mother and me.

Please be advised that you have to agree to this by end of day on Monday, September 12, 2022.

Regards,

Jane Doe

---

**Doevhaddish** <doevhaddish@gmail.com>　　　　　　　　　　　　　　　　Sun, Sep 11, 2022 at 4:11 PM
To: clifton.albright@ayslaw.com

Cousel,

I'm following up on the email below where I  provided you with a rule 4 Waiver of service.  Your client Aries spears has made several public statements concerning this lawsuit, additionally you have made several statements to several media outlets concerning the lawsuit.  Therefore, there is no justifiable reason for your client not to execute the rule 4 waiver of service.

Please be advised that if we do not receive a fully executed rule 4 waiver of service by end of business Tuesday, September 13th, 2022 we will send a letter to the court notifying them of the same.

Regards,

Jane Doe
[Quoted text hidden]

---

**Doevhaddish** <doevhaddish@gmail.com>　　　　　　　　　　　　　　　　Sun, Sep 11, 2022 at 4:16 PM
To: clifton.albright@ayslaw.com

Jane Doe

Cousel,

I'm following up on the email below where I provided you with a rule 4 Waiver of service. Your client Tiffany Haddish made several public statements concerning this lawsuit, additionally her previous counsel made several statements to several media outlets concerning the lawsuit. Therefore, there is no justifiable reason for your client not to execute the rule 4 waiver of service.

Please be advised that if we do not receive a fully executed rule 4 waiver of service by end of business Tuesday, September 13th, 2022 we will send a letter to the court notifying them of the same.

Regards,

Jane Doe


On Sun, Sep 11, 2022, 11:14 AM Doevhaddish <doevhaddish@gmail.com> wrote:
[Quoted text hidden]

# EXHIBIT # D

Jane Doe
4001 S. Decatur Blvd
Bldg. 37-477
Las Vegas, NV 89103
Telephone: 725-772-5727
Email: Doevhaddish@gmail.com

September 11, 2022

Honorable Stanley Blumenfeld, Jr., U.S.D.J.
U.S. Courthouse
350 West 1st Street
Los Angeles, California 90012

**Re: Jane Doe et al. v. Tiffany Haddish et. al., 1:22-cv-06369-SB-JPR**

Dear Judge Blumenfeld:

    My name is Jane Doe[1] I am the legal guardian of John Doe, my little brother. I am writing with the consent of the defense counsel for Defendant Tiffany Haddish ("Haddish") to request a 30-day leave of court so the parties can engage in settlement negotiations. On September 9, 2022, in accordance with your honors individual rules, I sent Defendant a letter in an effort to meet and confer prior to filing my motion to remand, informing them of my intention to file a motion to remand this case back to state court. This request for a 30-day leave of court so the parties can negotiate a settlement in no way negates Plaintiff's right to file a motion for remand if the parties cannot settle this case. Furthermore, the parties will provide the court with a joint status letter in 25 days to inform the court of the status of settlement negotiations and the possible need for an additional 30-day extension.

We thank you for your time and attention to this matter.

Kind regards,

*Jane Doe*
JANE DOE,
Individually and on behalf of
JOHN DOE, a minor individual.

Cliffton W. Albright
Albright, Yee, and Schmit APC
707 Wilshire Blvd., Ste 3600
Los Angeles, CA 90017

CC:
Debra Opri, attorney for Defendant Aries Spears: at dopri@debraopri.com

---

[1] I am using a pseudonym to protect my identity, as well as the identity of my little brother. We will disclose our identities once your office contacts us.

1