Clifton W. Albright (SBN 100020)
Monica Blut (SBN 162360)
Bryan E. Luther (SBN 331919)
**ALBRIGHT, YEE & SCHMIT, APC**
707 Wilshire Boulevard, Suite 3600
Los Angeles, California 90017-3516
Ph: (213) 833-1700 | Fax: (213) 833-1710
Email: clifton.albright@ayslaw.com;
monica.blut@ayslaw.com; bryan.luther@ayslaw.com

Attorneys for Defendant
**TIFFANY HADDISH, an individual**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, Individually and on behalf of JOHN DOE, a minor individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TIFFANY HADDISH, an individual, and ARIES SPEARS, an individual,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-06369-SB (JPRx)<br><br>**JOINT RESPONSE AND STATEMENT OF POSITION REGARDING SEALING COMPLAINT** |

This Court temporarily sealed the Complaint (Dkt. No. 1) in this matter by Order dated September 9, 2022, following the case's removal from the California Superior Court for Los Angeles County. This Court noted that the Complaint includes several photographs of a minor Plaintiff in an undressed state, "in contexts that Plaintiffs claim are sexually suggestive." (Dkt. No. 7). Hence, this Court *sua sponte* directed the clerk to temporarily seal Dkt. No. 1 and requested the parties "to file a joint response identifying relevant legal authority and stating their position as to whether the filing should remain permanently under seal." This document is the joint response of Defendant Haddish and Plaintiffs, who have appeared *pro se* and are using pseudonyms

Jane and John Doe, explaining their mutual position that Dkt. No. 1 **should** remain under seal. No other party has made an appearance.

I. <u>**LEGAL STANDARD.**</u>

Although a court's "starting point" in considering a request to seal a judicial record is a "strong presumption in favor of access," *Kamakana v. City & Co. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006), that presumption may be overcome by "compelling reasons supported by specific factual findings that outweigh the general history of access . . . ." *Id.* at 1178-79 (citation omitted). This court has found that the "compelling reasons" standard applies to the sealing of a complaint. *Gamino v. IUPC Healthcare Holdings, Inc.,* ___ F. Supp. 3d ___; 2021 U.S. Dist. LEXIS 227440, at *6 (C.D. Cal., Aug. 18, 2021).

II. <u>**COMPELLING REASONS EXIST TO SEAL THE COMPLAINT IN THIS MATTER.**</u>

The Plaintiffs filed using pseudonyms to protect the identities of persons who were minor children at the time of alleged sexual assaults. Dkt. No. 1, ¶¶ 4, 5 (fictitious names used to protect Plaintiffs' "privacy as a victim of childhood sexual harassment, molestation, abuse, and assault"). However, the photographs included in the Complaint potentially provide a basis for identifying at least one of the Plaintiffs, John Doe, who is still a minor. The full public availability of the Complaint could permit public identification of Plaintiff John Doe and, by association, Plaintiff Jane Doe.

In *Prasad v. Simmons,* ___ F Supp 3d ___; 2019 U.S. Dist. LEXIS 21979, at *5 (N.D. Cal. Feb. 8, 2019), a district court found that a filed document containing the personally identifying information of minor children, along with allegations of sexual abuse of minors, constituted "compelling reasons" to seal the document.

Similar considerations in this case should overcome the access presumption as to Dkt. No. 1. Public availability of the Complaint could subject the Plaintiffs, if identified, to humiliating scrutiny that they have sought to avoid using pseudonyms. Conversely, the public's interest in access is limited under the circumstances here. The

1 | presumption in favor of access is rooted in the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies[.]" *Nixon v Warner Communications,* 435 U.S. 589, 598; 98 S. Ct. 1306; 55 L. Ed. 2d 570, 579 (1978). The public agency at issue here – this court – has had little involvement in this case given its recency. Therefore, the compelling interest in protecting vulnerable children from identification and potential opprobrium outweighs the public access interest.

Accordingly, the parties jointly request that this Court enter an order permanently sealing Dkt. No. 1.

Dated: September 16, 2022

Respectfully submitted,

**ALBRIGHT, YEE & SCHMIT, APC**
    Clifton W. Albright, Esq.
    Monica Blut, Esq.
    Bryan E. Luther, Esq.

By: _____
       Clifton W. Albright, Esq.

Attorneys for Defendant
**TIFFANY HADDISH**

Dated: September 16, 2022

**Jane Doe, an Individual for herself**

_____
       Jane Doe

[*Signatures continued on next page*]

1  Dated: September 16, 2022            **Jane Doe, as Guardian on Behalf of John Doe, a minor**
2
3
4
5                                        By: *Jane Doe* (DocuSigned by, 69C4ADAC38EF453...)
6                                        Jane Doe as Guardian on behalf of John Doe, a minor
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

JOINT RESPONSE & STATEMENT OF POSITION RE: SEALING COMPLAINT        2:22-cv-06369

**CERTIFICATE OF ELECTRONIC SERVICE**
For Documents Filed Using CM/ECF
When Not All Case Participants Are CM/ECF Participants
*Jane Doe and John Doe v. Tiffany Haddish and Aries Spears*
USDC Central District of California Case No. 2:22-cv-06369-SB (JPRx)

I am employed in the County of Los Angeles, State of California, United States of America. I am over the age of eighteen and not a party to the within action. My business address is: 707 Wilshire Boulevard, Suite 3600, Los Angeles, California 90017-3516.

I hereby certify that on September 16, 2022 I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have served the foregoing document by Electronic Service via email pursuant to F.R.C.P. Rule 5(b)(2)(E):

**JOINT RESPONSE AND STATEMENT OF POSITION REGARDING SEALING COMPLAINT**

 **X**   **(BY EMAIL OR ELECTRONIC TRANSMISSION):** Pursuant to F.R.C.P. Rule 5(b)(2)(E), I caused the above-named document to be sent by electronic transmission from email address connie.white@ayslaw.com, and electronically transmitted to the person(s) at the email address(es) listed in the Service List (attached). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. [F.R.C.P. Rule 5(b)(2)(E).]

 **X**   I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on September 16, 2022 at Los Angeles, California.

/s/  Connie White
Connie White

**CERTIFICATE OF ELECTRONIC SERVICE**

## SERVICE LIST

Jane Doe, Individually and as Guardian
On Behalf of John Doe, a minor
4001 S. Decatur Blvd.
Las Vegas, NV 89103-5860
Phone: 725-772-5727
Email: Doevhaddish@gmail.com

**Plaintiff(s) Pro Se**
*JANE DOE, Individually and as*
*Guardian on behalf of*
*JOHN DOE, a minor individual*

**COURTESY COPY**
Debra Opri, Esq.
**OPRI & ASSOCIATES**
8383 Wilshire Blvd., Suite 830
Beverly Hills, CA 90211-2445
Phone: 323-658-6774 | Fax: 323-658-5160
Email: dopri@debraopri.com

**CERTIFICATE OF ELECTRONIC SERVICE**